IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

THEOPHUS DAVISON,
    Petitioner,

vs.                                                     Case No.: 3:11cv433/RV/EMT

STATE OF FLORIDA DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____/

## **REPORT AND RECOMMENDATION**

        This matter is before the court on Petitioner's "Request to Voluntarily Withdraw the Petition for Writ of Habeas Corpus, Without Prejudice" (doc. 12). As grounds for dismissal, Petitioner appears to concede his habeas petition is an unauthorized, successive petition (*id.*). Petitioner requests dismissal of this habeas action without prejudice to his refiling upon receiving authorization to do so from the Eleventh Circuit Court of Appeals (*id.*).

        Rule 41 of the Federal Rules of Civil Procedure provides that a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). Rule 41 applies to § 2254 proceedings. *See* Rule 12, Rules Governing § 2254 Cases in the United States District Courts (2009). In the instant case, Respondent previously served a motion to dismiss Petitioner's habeas petition, on the grounds that it was as an unauthorized successive petition and untimely (doc. 9 at 4–7). Respondent's motion to dismiss is neither an answer nor a motion for summary judgment under the plain language of Rule 41.[1] Therefore, Petitioner has an absolute right to dismiss this action without prejudice. *See* <u>Pilot Freight Carriers, Inc. v. Int'l Bhd. of Teamsters,</u>

---

[1] Respondent concedes the motion to dismiss is not an answer, and requests additional time to file an answer in the event the court determines the petition is neither unauthorized nor untimely (doc. 9 at 7).

506 F.2d 914, 916 (5th Cir. 1975) ("Rule 41(a)(1) means precisely what it says.");[2] Williams v. Ezell, 531 F.2d 1261, 1264 (5th Cir. 1976) ("The court had no power or discretion to deny plaintiff's right to dismiss or to attach any condition or burden to that right."); Carter v. United States, 547 F.2d 258, 259 (5th Cir. 1977) ("As the plain terms of Rule 41(a)(1)(i) establish, a plaintiff has an absolute right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion."); Exxon Corp. v. Maryland Cas. Co., 599 F.2d 659, 661 (5th Cir. 1979) ("Rule 41(a)(1) grants a plaintiff the right to dismiss 'an action' at an early stage of the proceedings voluntarily, without prejudice, and without consent of the court.").

Accordingly, it is respectfully **RECOMMENDED**:

That Petitioner's request to voluntarily dismiss his habeas petition (doc. 12) be **GRANTED** and this action dismissed without prejudice.

At Pensacola, Florida, this 21st day of February 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[2] Decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

Case No.: 3:11cv433/RV/EMT